UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:_____

JIMMY SUGG,
    Plaintiff,

vs.

CITY OF SUNRISE,
    Defendant.
_____/

**COMPLAINT**

JIMMY SUGG ("Plaintiff" or "Sugg") hereby brings this lawsuit against the CITY OF SUNRISE (the "City" or "Defendant") and in support alleges:

**INTRODUCTION**

As the U.S. Equal Employment Opportunity Commission recently stated in a press release, "[a]n employee who has suffered a heart attack has enough to deal with without having to face unlawful discrimination and unemployment." Regrettably, this is precisely what happened to Jimmy Sugg and what has engendered this lawsuit. In October 2014, Sugg suffered a heart attack. Weeks later, Sugg returned to a changed workplace, one free from empathy and which sought to punish him for his heart attack. The City: (1) against its own policy, prohibited Sugg from using compensation time for his leave that had been donated by his co-workers; (2) stripped Sugg of his certification; (3) ignored his doctor's orders that he work on light duty; (4) failed to accommodate Sugg during his recovery; and ultimately, (5) unlawfully terminated his employment.

## **PARTIES, JURISDICTION AND VENUE**

1. This is an action by Plaintiff against the City, his former employer, for discrimination and retaliation under the Americans with Disabilities Act of 1992, 42 U.S.C. § 12111 *et seq.* ("ADA").

2. Plaintiff seeks damages, reasonable attorneys' fees and costs, and all other remedies allowable by law.

3. At all relevant times, Defendant was and continues to be a municipal corporation of the State of Florida conducting business in Broward County, Florida.

4. Venue is proper in this Court because Defendant transacts business in this District, Defendant maintains a principal place of business in this District, Defendant employed Plaintiff in this District, and the claims arose within this District.

## **Plaintiff Has Exhausted Administrative Remedies**

5. Plaintiff was unlawfully discharged by Defendant on or around February 13, 2015.

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Commission ("EEOC") alleging discrimination based on disability and unlawful retaliation.

7. Plaintiff was issued the Notice of Right to Sue attached as **Exhibit "A."**

8. Plaintiff has met all prerequisites and preconditions to filing this lawsuit.

## GENERAL ALLEGATIONS

9. Plaintiff is an individual over the age of eighteen and is otherwise *sui juris*.

10. At all relevant times, Plaintiff was an employee within the purview of the ADA.

11. At all relevant times, Defendant was an employer subject to the ADA.

## FACTUAL ALLEGATIONS

12. Plaintiff began performing work for the City (for about 2 years) in his capacity as Chief Electrical Inspector of Broward County. While in that role, Plaintiff also served as Chief Electrical Inspector for four (4) other cities in Broward County.

13. The City liked Plaintiff's work so much that it repeatedly asked him to leave his position with Broward County and to come work directly for the City.

14. Plaintiff finally accepted the offer and began working for the City in or around May 13, 2014, bringing with him decades of experience.

15. On or about October 8, 2014, Plaintiff suffered a heart attack and was admitted to the hospital.

16. The heart attack, Sugg's heart condition, and its subsequent residual effects on his health and on his life, constitute a disability under the ADA.

17. One or two weeks into his recovery, Mr. Mark Lubelski ("Lubelski"), Director, and Mr. Christopher Augustine ("Augustine"), Assistant Building

3

Official, contacted the Board of Rules and Appeals ("BORA")[1] and had Plaintiff decertified as Chief Electrical Inspector.  Sugg was not notified of this.

18. On or about October 22, 2014, Plaintiff returned to work and immediately began noticing that management was treating him differently.

19. Plaintiff submitted his physician work-authorization letter to his immediate supervisor, Augustine.

20. Plaintiff's doctor's authorization advised that Plaintiff should remain on light duty.

21. The City, however, made no effort to reasonably modify the work to be performed by Plaintiff.

22. On or about November 10, 2014, Plaintiff requested authorization to work from home—a reasonable accommodation, as he could easily continue to do his work so long as he remained available by telephone/computer.[2]

23. Plaintiff's request was denied without any consideration or dialogue whatsoever on how the City could accommodate Plaintiff.  The City had allowed others to work from home.

24. Though the City had a policy of allowing employees to donate their paid-time-off to other employees in need, it did not allow Plaintiff to use donated

---

[1]   BORA is a Broward County government entity tasked with certifying all Building Officials, Chief Inspectors, Plans Examiners, and Inspectors for certification and licensing.

[2] Section 104.1.1 of Florida Building Code Broward County Administrative Provision provides that, "the Building Official does not have to be personally present at the governmental department as long as he or she is available by telephone/computer etc. and can perform his or her duties."

compensation time from his co-workers to apply to his leave – for which he was thus not paid.

25.  While reviewing the City website a few weeks after his return from leave, Plaintiff noticed that he had been stripped of his title as Chief Electrical Inspector and replaced by Brian Epstein.

26.  On or about February 12, 2015 Plaintiff attended a BORA meeting to become recertified as Chief Inspector.

27.  Plaintiff was terminated by the City the very next day, February 13, 2015, being told simply that he "was not a good fit."  This despite the City having enticed Sugg, with whom it was very familiar, to leave his former employer just a few months earlier.

28.  Shortly after his termination, Plaintiff was informed by Broward County Building Official, Jack Fisher, that Plaintiff was terminated because of his heart attack.  Fisher stated that he knew this because he had received a phone call from Lubelski, while Plaintiff was on sick leave, brazenly stating that the City needed a replacement Chief Electrical Inspector because of Plaintiff's medical condition.

29.  The City's unlawful conduct has wreaked havoc on Sugg's life, on his finances, on his career, and on his health.

## COUNT I
## <u>DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA</u>

30. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 29 above as if fully set forth herein.

31. Plaintiff is a member of a protected class under the ADA.

32. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability, including:

- Stripping Plaintiff of his Chief Electrical Inspector position because of his disability;
- Denying Plaintiff a reasonable accommodation;
- Precluding Plaintiff from benefitting from donated leave time allowed for other employees; and
- Discharging Plaintiff because of his actual and perceived disability.

33. Plaintiff would not have been subjected to the foregoing discrimination but for Plaintiff's actual and perceived disability.

34. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant was aware that discrimination based on Plaintiff's disability was unlawful but acted in reckless disregard of the law.

35. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

36. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt

remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

37. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law.

38. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory actions.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Award Plaintiff back pay;

c. Award Plaintiff front pay;

d. Award Plaintiff compensatory damages;

e. Award Plaintiff punitive damages;

f. Award Plaintiff his attorneys' fees and costs;

g. Award Plaintiff all recoverable interest; and

h. Award any other relief this Honorable Court deems just and proper.

## COUNT II
### RETALIATION BY DEFENDANT IN VIOLATION OF THE ADA

39. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 29 above as if fully set forth herein.

40. Plaintiff is a member of a protected class under the ADA and engaged in protected activity.

41. Defendant retaliated against Plaintiff for exercising rights protected under the ADA, including by terminating him because of his actual or perceived disability.

42. Defendant's conduct was willful and in disregard of Plaintiff's protected rights. Defendant was aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

43. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

44. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law.

45. Plaintiff suffered damages as a result of his unlawful retaliatory discharge.

46. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's retaliatory actions.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

c. Award Plaintiff back pay damages;

    d.    Award Plaintiff compensatory damages;

    e.    Award Plaintiff punitive damages;

    f.    Award Plaintiff his attorneys' fees and costs;

    g.    Award Plaintiff all recoverable interest; and

    h.    Award any other relief this Honorable Court deems just and proper.

## **JURY TRIAL**

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Respectfully submitted,

By: */s/ J. Freddy Perera*
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Bayardo E. Aleman, Esq.
Florida Bar No. 28791
Bayardo@pba-law.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 092044
brody@pba-law.com
Waynice A. Green-Musgrove, Esq.
Florida Bar No. 116175
waynice@pba-law.com
**PERERA BARNHART ALEMAN**
12555 Orange Drive, Second Floor
Davie, Florida 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*

# EXHIBIT "A"

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL
7003 0500 0002 5071 4109

950 Pennsylvania Avenue, N.W.
*Karen Ferguson , EMP, PHB, Room 4701*
*Washington, DC 20530*

August 28, 2019

Mr. Jimmy Sugg
c/o Howard Goldfarb, Esquire
Law Offices of Homer, Bonner & Jacob
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, FL  33131

Re:  EEOC Charge Against City of Sunrise, et al.
     No. 510201504460

Dear Mr. Sugg:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC Miami District Office, Miami, FL.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                        Sincerely,

                                        Eric S. Dreiband
                                        Assistant Attorney General
                                        Civil Rights Division

                                     by  *Karen L. Ferguson*
                                        Karen L. Ferguson
                                        Supervisory Civil Rights Analyst
                                        Employment Litigation Section

cc: Miami District Office, EEOC
    City of Sunrise, et al.

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:

- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.